### T. P. JAMES, ADMR., *v.* JAMES P. BRANSTER.

**Vendor and Purchaser—Conveyance in Payment of Debt.**
A sale and conveyance of land was held to be in payment of a debt.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

December 10, 1872.

OPINION BY JUDGE HARDIN:

There is scarcely room to doubt from the evidence, that the debt in controversy was the real consideration of the conveyance of the tract of about 80 acres of land, made July 15, 1864; and we think it is reasonably certain that said deed, though absolute in form, was understood and intended to operate as a mortgage; or that it expresses only a part of a contract, the residue being a parol agreement providing for a repurchase of the land by the appellee.

It is plain that if the first of these is the correct construction, the appellee still owed the debt, and was liable to a personal judgment, but if the latter is adopted, the deed extinguishes the debt; and the agreement to reconvey being in parol and inconsistent with the writing could not be enforced against the heirs of James, if that result were sought on the facts disclosed in this case.

But neither party has elected to treat the deed as a mortgage. No foreclosure is sought on the one side nor a redemption of the land on the other; and the judgment of the lower court has simply, and we think rightly, adopted the construction of the transaction acquiesced in by the parties themselves.

The question is not presented whether the appellee would have been entitled to redeem the land, had he sought to do so, whatever may have been his verbal agreement with James; but as the case comes before us on this record, we fully concur with the court in treating the sale and conveyance of the land as a payment of the debt.

Wherefore the judgment is *affirmed*.

*Greer, for appellant.*

*Bush & Bush, for appellee.*